# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**NINA COLON,**

**Plaintiff,**

**v.** **Case No: 6:26-cv-251-AGM-DCI**

**JUDGE LAURA SHAFFER and**
**ALLISSON RIVERA,**

**Defendants.**

_________________________________/

## ORDER

By order dated July 22, 2026, the Court dismissed this case without prejudice. Doc. 23. Plaintiff, proceeding *pro se*, moved to reopen the case (Doc. 25), and the Court denied the request. Doc. 26. Plaintiff has since filed a notice that she has appealed the order of dismissal and the order denying the motion to reopen. Doc. 27 (the Notice of Appeal). Pending before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Doc. 28 (the Application). Plaintiff has also filed a "Motion for Ruling on Pending Motion to Appeal In Forma Pauperis (Doc. 28) and Incorporated Memorandum of Law." Doc. 31 (the Motion for Ruling).

The Application and the Motion for Ruling are due to be denied. With respect to the Application, Plaintiff has filed the incorrect form, as Plaintiff seeks to proceed as a pauper on the appeal before the Eleventh Circuit Court of Appeals and not the District Court. *See* Docs. 27, 28.[1] And, since Plaintiff's request to proceed without prepayment relates to an appeal, Federal Rule of

[1] The Eleventh Circuit's form motion and affidavit includes a section to state the issues on appeal, which is absent from an application to proceed without prepayment before the District Court. *Compare* Doc. 28 *with* http://www.ca11.uscourts.gov/pro-se-forms-and-information.

Appellate Procedure 24 governs. Generally, "a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court." Fed. R. App. P. 24(a)(1).[2] Pursuant to Rule 24:

> The party must attach an affidavit that:
>
> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1).

Plaintiff has not filed the appropriate motion with the requisite affidavit.[3] As such, the Application is due to be denied for failure to comply with Rule 24's procedural requirements. *See Tavern Downing v. Walmart, Inc.*, 2026 WL 2853464, at *2 (M.D. Fla. Aug. 26, 2026) (finding that a plaintiff's motion for leave to proceed on appeal as a pauper was insufficient because the plaintiff did not comply with Fed. R. App. P. 24(a)(1)(B)-(C)); *Wallace v. Israel*, 2015 WL *13887158, at *1 (S.D. Fla. Feb. 25, 2015) (finding that a plaintiff's failure to state the issues the plaintiff intended to present on appeal in an affidavit was "fatal to a Rule 24(a) motion.") (citations omitted); *see also Darling v. Zavaleta*, 2024 WL 4165106, at *2 (S.D. Fla. Aug. 27, 2024) (finding a plaintiff's application to proceed in district court without preparing fees and costs was insufficient under Rule 24(a)(1)(C) because the plaintiff only answered preprinted questions with

---

[2] Rule 24 contains an exception for prior approval to proceed on appeal as a pauper for a party who was permitted to proceed as a pauper "in the district-court action." Fed. R. App. P. 24(a)(3). The Court did not permit Plaintiff to proceed as a pauper.

[3] Even if the Court liberally considered the Application in conjunction with the Notice of Appeal and its attachment, Plaintiff still fails to comply with Rule 24(a)(1)(C); both because the information is not presented in the form of an affidavit and because those documents fail to adequately state the issues the party plans to present on appeal.

respect to earnings and savings and the plaintiff failed to attach an "affidavit setting forth or otherwise indicating the issues he seeks to raise on appeal").

Accordingly, it is **ORDERED** that:

1. the Motion (Doc. 28) is **DENIED without prejudice**. If Plaintiff re-files the request, Plaintiff must comply with Federal Rule of Appellate Procedure 24; and
2. the Motion for Ruling (Doc. 31) is **DENIED as moot**.

Ordered in Orlando, Florida on October 7, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE